UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE DERIN BARROW,

    Petitioner,

v.

JOHN ALDANA,

    Respondent.

CASE NO. C14-5486 RBL-KLS

ORDER DENYING PETITIONER'S MOTION FOR COUNSEL AND AN EVIDENTIARY HEARING

Before the Court are Mr. Barrow's motion for appointment of counsel and his motion for an evidentiary hearing. Dkt. 16 and 17. The undersigned denies both motions. Respondent has filed an answer that shows that Mr. Barrow did not present his grounds for relief as federal claims when he filed his petition for discretionary review in the Washington State Supreme Court. Dkt. 12, Exhibit 6. Accordingly, the petition is unexhausted and according to respondent it is also procedurally barred. Dkt. 11. The undersigned is considering the petition and will prepare a Report and Recommendation. In light of the procedural posture of this action the Court denies petitioner's motions.

There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

ORDER - 1

*States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required in this case, and it does not appear that one is needed at this point. *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner has not shown that his particular conditions of confinement are such that "the interests of Justice" require appointment of counsel. Petitioner has not made a showing that he is likely to succeed on the merits as he did not properly exhaust his claims in state court. Accordingly, petitioner's motion for appointment of counsel (ECF No. 16) and motion for an evidentiary hearing (ECF No. 17) are **DENIED**.

The Clerk shall send a copy of this Order to Petitioner.

DATED this 13th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge